1   **LAWRENCE BRAGMAN, SB #104039**
    **Attorney at Law**
2   **912 Lootens Place**
    **San Rafael, California 94901**
3   **Telephone: (415) 459-6060**
    **Facsimile:  (415) 459-6067**
4
    **Attorney for Plaintiffs**
5

6

7
                    IN THE UNITED STATES DISTRICT
8
            EASTERN DISTRICT OF THE STATE OF CALIFORNIA
9

10

11  NICHOLAS SIUDA, by and through his      )    **CASE No: CIV.S-03-2439 FCD KJM**
    Guardian Ad Litem,  TERESA SIUDA,       )
12  DOMINICK TRANFAGLIA, by and             )    **STIPULATION RE: CONTINUANCE OF**
    through his Guardian Ad Litem,          )    **DISCOVERY DEADLINE BECAUSE OF**
13  CHRISTINA TRANFAGLIA, TERESA            )    **UNUSUAL CIRCUMSTANCES AND**
    SIUDA, an individual, and CHRISTINA     )    **PROPOSED ORDER THEREON**
14  TRANFAGLIA, an individual,              )
                                            )
15           Plaintiffs,                    )
                                            )
16  v.                                      )
                                            )
17  UNITED STATES OF AMERICA ,              )
    CHILD DEVELOPMENT CENTER                )
18  NUMBER THREE, and DOES   1 - 100,       )
    inclusive,                              )
19                                          )
             Defendants.                    )
20                                          )
    _____ )
21
    _____
22          COME NOW plaintiffs, NICHOLAS SIUDA by and through his Guardian Ad Litem,

23  TERESA SIUDA by and through attorney, Lawrence Bragman,  DOMINICK TRANFAGLIA by

24  and through his Guardian Ad Litem, CHRISTINA TRANFAGLIA by and through attorney,

25  Lawrence Bragman; and the UNITED STATES OF AMERICA, by and through its attorney,

26  Kendall J. Newman, who do hereby stipulate and agree:

27  _____1. The above captioned case involves allegations of sexual abuse of the two minor

28

plaintiffs by another minor.   The alleged instances of sexual abuse occurred at Child Development Center Three, a facility operated by the U.S. Air Force at Travis Air Force Base. Jurisdiction is predicated upon 28 U.S.C. § 1346 (b)(1 ).

2. As set forth in the original stipulation to extend discovery deadlines and continue the trial date, there have been a number of challenging issues that have slowed the pace of discovery in this case. First of all, the ages of the principles ranged from four to five years of age. Accordingly, the case  presents exceptionally sensitive and challenging issues of proof.

3. Due to the young age of the plaintiffs, most of the evidence that is being examined in this case is contained in voluminous reports of investigation and the records of subsequent medical treatment. During the pendency of the claim, the SIUDA family  moved to Colorado and there are therefore records relating to this minor plaintiff's care from both the States of California and Colorado.

4.  Completion of all depositions by the current deadline of August 26th  is virtually impossible to meet. At present there are six depositions that remain to be taken. Five of these depositions are of treating healthcare providers. One of these healthcare providers resides in the State of Colorado. The one lay witness is an active duty member of the United States Air Force, Sgt. Jason Tranfaglia.  In addition, two employees of the United States are now out of the country and not available for deposition. As a consequence, plaintiff will propound written discovery to them which will take at least thirty days to complete.

5.  The court's discovery cut-off date is also difficult to meet because plaintiffs' counsel is a sole practitioner and is dealing with a trial in another matter on July 25, 2005, two summary judgement motions set for August 23, 2005 (opposition due August 9, 2005); a third summary judgement motion set for September 7, 2005 (opposition due August 23, 2005). While counsel have been trying to line up dates with the healthcare providers, it has been slow going due to summer hours and other extenuating circumstances for the witnesses. These commitments make completion of the remaining depositions in this case in the month of August impossible. In

2

recognition of all of these realities, both counsel have agreed upon a **thirty day continuance of the discovery cut-off only** until September 26, 2005.

6. The Court's Status (Pretrial Scheduling) Order sets plaintiffs' initial disclosure of expert witnesses for **May 27, 2005.** The defendant's disclosure is scheduled for **June 13, 2005.** Rebuttal witnesses were scheduled to be disclosed on **June 30, 2005.** Discovery is to be completed by **August 26, 2005.** All dispositive motions are to be heard no later than **November 4, 2005**. The final pretrial conference is scheduled for **January 20, 2006 at 2:30 p.m.**. Trial is now scheduled for **April 4, 2006 at 1:30 p.m..**

7. Because of the logistical, evidentiary and practical problems that have occurred in this case as set forth hereinabove, both parties agree that it would be in the best interests of judicial economy to continue the discovery deadline only for **30 days, or until September 26, 2005** in order to permit the parties to complete the initial depositions of the parties and percipient witnesses.

8. The parties therefore agree and respectfully request  that the following dates be adjusted in conformity with the parties stipulation:**;** completion of discovery which is now set for **August 26, 2005** would be continued until **September 26 , 2005 and that all other dates remain the same**. Thus the final dispositive motion deadline would remain **November 4, 2005;** the Final Pretrial Conference would remain **January 20, 2006 at 2:30** p.m.; and the trial date would be remain **April 4, 2006 at 9:00 a.m. .**

//

Dated: July 18, 2005                          /s/ LAWRENCE BRAGMAN
                                              Lawrence Bragman
                                              Attorney for Plaintiffs


Dated: July 18, 2005                          /s/ KENDALL J. NEWMAN
                                              Kendall J. Newman
                                              Attorney for Defendant

**ORDER**

GOOD CAUSE APPEARING, IT IS SO ORDERED,


Dated: July 20, 2005                    /s/ Frank C. Damrell Jr.
                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE

4